**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                                  **CRIMINAL ACTION NO.: 3:16-CR-50-5 (GROH)**

**STEPHANIE EDMONDS,**

    Defendant.

## ORDER DENYING DEFENDANT EDMONDS' MOTION FOR SEVERANCE

Currently before the Court is Defendant Edmonds' Motion for Severance [ECF No. 507], filed on April 2, 2017. In her motion, Edmonds states that the evidence against her is scant and avers that a jury will be unable to parse out the evidence as to each defendant to render a proper verdict. Accordingly, she requests that the Court sever the Government's charge against her[1] and order a separate trial from her codefendants.

Defendants who are indicted together should be tried together. United States v. Singh, 518 F.3d 236, 255 (4th Cir. 2008) (citing United States v. Strickland, 245 F.3d 368, 384 (4th Cir. 2001)). Joinder is favored because it promotes judicial efficiency and economy and avoids the "inequity of inconsistent verdicts." United States v. Dinkins, 691 F.3d 358, 368 (4th Cir. 2012) (internal quotations omitted) (quoting Richardson v. Marsh, 481 U.S. 200, 210 (1987)). In conspiracy cases, such as the instant case, joinder is even more highly favored. United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986). As

---

[1] Edmonds is named in Count One of the indictment, which alleges conspiracy to distribute at least one kilogram of heroin.

long as defendants are properly joined under Rule 8(b) of the Federal Rules of Criminal Procedure, a motion to sever typically will not be granted. Dinkins, 691 F.3d at 368 (citing United States v. Hornsby, 666 F.3d 296, 309 (4th Cir. 2012)). The decision to order severance is within the sound discretion of the district court. See Zafiro v. United States, 506 U.S. 534, 539 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.").

Edmonds' argument in favor of severance does not give rise to a finding of prejudice so substantial that a miscarriage of justice would result. See United States v. Williams, 10 F.3d 1070, 1080 (4th Cir. 1993) (citing United States v. Brugman, 655 F.2d 540, 542-43 (4th Cir. 1981)). Indeed, the crux of Edmonds' argument is not that she will be unfairly prejudiced by evidence presented against her codefendants at trial, but that, in the absence of what she considers probative evidence, she will be prejudiced by having to stand trial at all. Moreover, Edmonds' general assertion of prejudice based on "spillover" is insufficient for this Court to grant a request for severance. See United States v. Najjar, 300 F.3d 466, 473 (4th Cir. 2002).

Based upon the aforementioned, the Court **DENIES** Defendant Edmonds' Motion for Severance [ECF No. 507].

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** May 2, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE